William H. Kinch v. Commissioner. Samuel J. Dark v. Commissioner.
Kinch v. Commissioner
Docket Nos. 106843, 109275.
United States Tax Court
1942 Tax Ct. Memo LEXIS 67; 1 T.C.M. (CCH) 147; T.C.M. (RIA) 42613; November 28, 1942
*67 H. A. Mihills, C.P.A., 917 Munsey Bldg., Washington, D.C., for the petitioners. Loren P. Oakes, Esq., for the respondent. STERNHAGEN Memorandum Opinion STERNHAGEN, J.: The Commissioner determined deficiencies in 1938 income tax of $3,398.05 as to Kinch and $1,490.98 as to Dark. The petitioners owned all the preferred and common shares of a corporation, and contend that part of a distribution to them which exceeded the corporation's available earnings should be treated as a reduction of cost of the preferred shares and not as capital gain, as respondent treats it. The facts are all stipulated and are hereby found as stipulated. Both returns were filed in the 28th District of New York. Rock Asphalt & Construction Co., Inc., had outstanding 6,000 7 per cent preferred and 3,000 common shares. Each petitioner was an officer and director and owned one-half the shares of each class. The corporation's earnings available for dividends were $173,336.14. Dividends were declared and paid of $42,000 on the preferred and $150,000 on the common of which each petitioner received half. The total of these dividends exceeded the available earnings by $18,773.86. The cost to each petitioner of his *68 preferred shares was $300,000, and none of this had been recovered by him through capital distributions; the entire cost of the common had been recovered through earlier distributions in excess of earnings and "accumulated surplus." The petitioners argue that, since they were the only shareholders, the amount of $18,773.86, which was distributed to them in excess of available earnings, must be regarded, not as a dividend on common, as it was declared to be (albeit excessive), but as a recovery by them of part of the cost of their preferred. This theory cannot be supported on the evidence. There is no evidence of the financial or operating condition of the corporation, no explanation for the dividends, and no explanation of the earlier recovery of the cost of the common and not of the preferred. Petitioners simply argue that because the distribution on the common was in excess of earnings, the excess should, as a matter of law, be held to be a partial capital distribution on the preferred. This would reduce the tax basis of their preferred for the determination of future gain or loss. The argument upon the rights of the preferred shares is made as if this were a lawsuit to determine *69 whether the common shareholders or the directors should be required to account for an improper distribution in derogation of the rights of the preferred shareholders. What might be the claims or defenses in such a suit could only be the subject of speculation; but if the evidence were no more than is here stipulated, the petitioners' demands would not necessarily be sustained, or petitioners' rationale adopted. The facts stipulated are squarely within section 115 (d), Revenue Act of 1938, upon which respondent relies. The distribution of $150,000 made by the corporation to its common shareholders was not made in partial or complete liquidation, not out of pre-1913 increase in value, not, as to $18,773.86, a dividend in the statutory sense; and since the basis is, because of prior distributions, nil, and the $18,773.86 is therefore in excess of the basis, each shareholder's part of "such excess shall be taxable in the same manner as a gain from the sale or exchange of property." Whether petitioners, who controlled the corporation, were free to cause the distribution of the excessive amount as a liquidation of preferred, is speculative, as we have said; for the preferred was receiving *70 its 7 per cent dividend, and perhaps, under the circumstances, that was all it was entitled to. From the bare figures alone, one could not conclude that the corporation's capital was being impaired. The determination is sustained. Decision will be entered for the respondent.